UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE SAYLES,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

       v.

                                              08CV676S

                                              **Report**
                                                  **&**
PACIFIC ENGINEERS &
CONSTRUCTORS, LTD. (PECL),                 **Recommendation**
BECHTEL GROUP, INC., BECHTEL
CORPORATION, AMERICAN BECHTEL,
INC., FORMOSA PLASTICS
CORPORATION, FORMOSA PLASTICS
CORPORATION, USA (FPG, USA),

                Defendants.
_____

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) but only for non-dispositive pretrial matters (Docket No. 6). The instant matter before the Court is plaintiff's motion (Docket No. 15) for issuance of Letter Rogatory, pursuant to Fed. R. Civ. P. 4(f)(2)(b) and 28 U.S.C. § 1781(a)(2) (Docket No. 15[1]). After discussion at a status conference (see Docket No. 16), the Court ordered briefing of this motion, with responses due by

---

[1]In support of his motion, plaintiff submits his attorney's affirmation (with exhibits) and a proposed Letter Rogatory, Ex. C, Docket No. 15, his attorney's reply affidavit (with exhibits), and memorandum of law, Docket No. 22.
     In opposition, defendant Formosa Plastics Corporation, USA, submits its attorney's affidavit, Docket No. 18, and memorandum of law, Docket No. 19; and the Bechtel defendants have submitted its opposition memorandum, Docket No. 20. During oral argument, counsel for the Bechtel defendants submitted a copy of Jazini v. Nissan Motor Co., 148 F.3d 181 (2d Cir. 1998), in support of their arguments.

December 10, 2008, any reply due by December 18, 2008, and argument held on January 12, 2009 (Docket Nos. 17, 21, 23).

## BACKGROUND

This is a removed diversity personal injury action (see Docket No. 1, Notice of Removal). The Complaint, filed in New York State Supreme Court, Erie County, alleges negligence, violations of provisions of the New York State Labor Law, occupational safety and health regulations of New York and Taiwan from plaintiff's fall from scaffolding at a work site in Taiwan in January 2007 (see generally Docket No. 15, Pl. Atty. Affirm. ¶ 3, Ex. A, state Compl.). Plaintiff alleges that he is employed by Harper International. Harper International entered into a contract to install a furnace in Taiwan and plaintiff was working there during the installation when the scaffolding allegedly caused him to fall (see id. Compl. ¶¶ 1, 178; Docket No. 20, Bechtel Memo. at 2). This furnace was installed on property owned by defendant Formosa Plastics Corporation (hereinafter "Formosa," as distinct from defendant Formosa Plastics Corporation, USA, referenced hereinafter as "FPG USA") (Docket No. 15, Pl. Atty. Affirm. ¶ 3, Ex. A, Compl. ¶ 94; see Docket No. 20, Bechtel Memo. at 2). Plaintiff alleges that Pacific Engineers & Constructors, LTD (hereinafter "PECL") was the general contractor of the construction site where the accident occurred (Docket No. 15, Pl. Atty. Affirm. ¶ 4).

Plaintiff sued two foreign entities, PECL and Formosa (hereinafter collectively the "foreign defendants"), as well as domestic companies FPG USA and the Bechtel defendants[2]

---

[2]The "Bechtel defendants" are referring to defendants Bechtel Group, Inc., Bechtel Corporation, and American Bechtel, Inc.

(hereinafter collectively the "appearing defendants").  Plaintiff has filed the present motion to effect service upon Formosa and PECL by means of Letter Rogatory.

Taiwan is not a signatory of any international treaty governing service of process (id. ¶ 5; Docket No. 20, Bechtel Memo. at 3), see Cosmetech Int'l, LLC v. Der Kwei Enter., 943 F. Supp. 311, 316 (S.D.N.Y. 1996).  Plaintiff claims that he effected service upon PECL and Formosa pursuant to New York Business Corporation Law § 307 by mailing process via international registered mail, return receipt requested, on or about August 28, 2008, but no returned receipt was received and no Answer was served by either foreign defendant (Docket No. 15, Pl. Atty. Affirm. ¶ 6, Ex. B).

Meanwhile, the appearing defendants, the Bechtel defendants (Docket No.  5) and FPG USA (Docket No. 8), separately answered.  Each Answer asserted defenses of lack of personal jurisdiction (Docket No. 5, Bechtel Defs. Ans. ¶209; Docket No. 8, FPG USA Ans. 3d Affirmative Def.) or improper venue and forum non conveniens (see Docket No. 8, FPG USA Ans. 5th Affirmative Def. (improper venue and inconvenient forum); Docket No. 5, Bechtel Defs. Ans. ¶ 210 (improper venue)).

*Motion for Issuance of Letter Rogatory*

Plaintiff then moved for this Court to issue Letter Rogatory to the foreign defendants.  In opposition to plaintiff's present motion, FPG USA argues that plaintiff did not properly serve the foreign defendants by merely relying upon Business Corporation Law § 307 rather than Taiwanese law (Docket No. 18, FPG USA, Atty. Aff. ¶¶ 3-4).  The Bechtel defendants argue that there is no evidence plaintiff attempted personal service upon the foreign defendants as required

3

by Taiwanese law, thus service by mail plaintiff claims to have done (even accompanied by a Letter Rogatory) would not comply with Taiwanese law (Docket No. 20, Bechtel Memo. at 4-5).

In reply, plaintiff contends that the appearing defendants lack standing to object to personal jurisdiction exercised upon the foreign defendants (Docket No. 22, Pl. Atty. Reply Aff. ¶ 8). If personal jurisdiction were now at issue, plaintiff argues that he has the right to conduct discovery on the issue of the foreign defendants' contacts with New York (id. ¶ 9). He notes that the foreign defendants have not challenged jurisdiction (id. ¶ 11).

## DISCUSSION

I.   Magistrate Judge Jurisdiction

Judge Skretny referred this action to the undersigned for consideration of pretrial matters but not to make recommendations regarding dispositive matters (Docket No. 6). Ordinarily, a motion for a Letter Rogatory is not dispositive, cf. 28 U.S.C. § 636(b)(1). But the defendants who have appeared in this action argue that plaintiff can not establish that he has obtained personal jurisdiction over Formosa or PECL.

In Williams v. Beemiller, Inc., 527 F.3d 259, 265 (2d Cir. 2008), the United States Court of Appeals for the Second Circuit agreed with other Circuit courts[3] that the listing of dispositive orders in 28 U.S.C. § 636(b)(1) was not exhaustive, holding there that a motion to remand was dispositive.

Here, the issuance of process or Letter Rogatory is not dispositive; if granted it merely allows plaintiff a means to serve foreign defendants. But the appearing defendants' arguments

---

[3]Citing Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 5-6 (1st Cir. 1999); Rajaratnam v. Moyer, 47 F.3d 922, 923-24 (7th Cir. 1995); see also Gomez v. United States, 490 U.S. 858, 873-74 (1989).

about the absence of jurisdiction would be dispositive if they had moved (or cross-moved) to dismiss on that ground. Even their assertions of improper venue under Williams may now be dispositive under § 636(b)(1) since resolution of that assertion would remove this case from this District. Out of an abundance of caution, the Court will render this Report & Recommendation, rather than an Order, on plaintiff's motion. An added complication to this disposition is the limitation on the referral issued by Judge Skretny, which excluded consideration of dispositive motions (see Docket No. 6). Since plaintiff's pending motion and the relief he seeks–issuance of a form of process–is not dispositive, the undersigned nevertheless will consider it under the existing referral.

II.     Letter Rogatory

As corporations, the foreign defendants not within any judicial district of the United States need to be served in a manner prescribed by Federal Rule of Civil Procedure 4(f), service requirements for individuals in a foreign country, Fed. R. Civ. P. 4(h)(2). Service of an individual in a foreign country where federal law does not provide a method and where no international agreement for service exists with that foreign country (such as here between this country and Taiwan) is by a "method reasonably calculated to give notice" learned from issuance of a Letter Rogatory or letter of request and service by the manner prescribed by the "foreign authority directs in response to a letter rogatory or letter of request," Fed. R. Civ. P. 4(f)(2)(B) (effective Dec. 2007), among other methods (such as methods under the foreign country's law, delivery personally or by mail to the clerk or by other means not prohibited by international agreement, id., R. 4(f)(2)(A), (C), (3)). One court has noted that Taiwanese law permits service of a corporation by delivery to the manager concerned, see Cosmetech Int'l, supra, 943 F. Supp.

at 316. Section 1781(a)(2) empowers the Department of State "to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution," 28 U.S.C. § 1781(a)(2).

Bechtel argues that, under Taiwanese law, service by mail is the last method to be used after other methods of service have been exhausted (Docket No. 20, Bechtel Memo. at 3-4, 4 n.3 (citing Taiwan Code of Civ. Proc., Ch. 4, Sec. 2, Arts. 136, 137, 138)). Plaintiff replies that the United States Department of State indicated that international registered mail is an acceptable method of service in Taiwan (Docket No. 22, Pl. Atty. Reply Aff. ¶ 5, Ex. B). In a general information circular from the Department of State it stated that "service of process in Taiwan can be effected by international registered mail/return receipt requested; by agent, generally a local attorney; or pursuant to a letter rogatory," but "if enforcement of a judgment is anticipated, however, Taiwan may not consider service by registered mail or by agent acceptable and may require that service be effected pursuant to a letter rogatory" (id., Ex. B, at 1). This circular came with a disclaimer that it "may not be totally accurate in a particular case" and "questions involving interpretation of specific foreign laws should be addressed to foreign counsel," (id.). The appearing defendants, however, have not challenged the accuracy of this State Department circular.

The circular also outlines the particulars of a Letter Rogatory to Taiwan (id. at 2): the Letter Rogatory must contain an offer of reciprocal assistance; the Letter must be in English with a certified translation in Mandarin Chinese; the Letter must be addressed to the "Appropriate Judicial Authority of Taiwan," accompanied by a certified check (of $735.00) payable to

6

American Institute of Taiwan for payment of court and agency fees; the Letter must be sent to the Office of Overseas Citizens Services at the State Department[4] (id.).

Federal Rule of Civil Procedure 4(f) (as applicable to corporations under Rule 4(h)(2) gives plaintiff several methods for effecting service, in addition to filing of waiver of formal service by the foreign defendant, see Fed. R. Civ. P. 4(h), (f).  Under Rule 4(f)(2)(B), plaintiff may effect service by Letter Rogatory and the method prescribed by Taiwanese authorities in response to that Letter.  Whatever prior attempts plaintiff did to serve the foreign defendants is not material or a prerequisite to obtaining Letters Rogatory, cf. General Envtl. Science Corp. v. Hofsfall, 753 F. Supp. 664, 672-73 (N.D. Ohio 1990) (evaluating service by certified mail, return receipt requested, while letter rogatory service was pending).  Even if plaintiff improperly attempted to serve the foreign defendants by registered mail under Taiwanese law, this does not preclude issuance of a Letter Rogatory to Taiwan.

Plaintiff's proposed Letter Rogatory, addressed to the "Appropriate Judicial Authority of Taiwan," does contain language offering reciprocal assistance and has plaintiff's counsel pays costs, but only for $500.00 (see Docket No. 15, Ex. C, proposed Letters Rogatory for each foreign defendant) and not the $735.00 noted in the State Department circular.  There is no certified translation attached of the Letter Rogatory in Mandarin Chinese.  Once plaintiff submits the certified translation and amends the Letters Rogatory to reflect the correct fee amount (or confirm to the Court that the correct amount is $500), it is recommended that the Court **should issue** plaintiff the Letter Rogatory sought.

---

[4]The full address is Office of Overseas Citizens Services, 2100 Pennsylvania Avenue, N.W., 4th Floor, Washington, DC 20037.  Id.

III.     Personal Jurisdiction and Standing to Raise Issue

Bechtel argues that this Court lacks personal jurisdiction over PECL, contending that plaintiff had to make a prima facie showing of jurisdiction before obtaining a Letter Rogatory (Docket No. 20, Bechtel Memo. at 5). Bechtel's review of the bases for personal jurisdiction that plaintiff may have asserted–New York State's long arm statute–are unavailing (id. at 5-9), and, if exercised, would violate due process (id. at 9-11), also suggesting that forum issues may exist (id. at 11). FPG USA argues that there is no personal jurisdiction over Formosa, hence issuance of Letter Rogatory would be futile (Docket No. 19, FPG USA Memo. at 2). At oral argument, FPG USA contends that the Court could sua sponte consider whether plaintiff could have the Court exercise personal jurisdiction over the foreign defendants, but without submitting authority for that proposition. Plaintiff replies that there is no authority for the proposition that there must be a prior prima facie showing before Letters Rogatory can be issued (Docket No. 22, Pl. Atty. Reply Aff. ¶ 10; Docket No. 22, Pl. Memo. at 2-4).

Service of a summons (or filing waiver of service) establishes personal jurisdiction over a defendant, Fed. R. Civ. P. 4(k)(1). The Supreme Court, in Omni Capital International v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987), held that

> "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. . . . . Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons."

See General Envtl. Science, supra, 753 F. Supp. at 668. The defense of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), however, is waivable by that defendant, id. R. 12(h)(1), see Insurance

Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1983) (unlike subject matter jurisdiction, the failure to raise personal jurisdiction is waived if not timely raised in an Answer or responsive pleading); see also Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000)("unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte"), as is the distinct defenses of insufficient process or insufficient service of process, Fed. R. Civ. P. 12(b)(4), (5), (h)(1). "Once waived, lack of personal jurisdiction may not be raised by the court sua sponte," although "the right to challenge a court's personal jurisdiction is not waived by default when a party fails to appear or to respond," Popper v. Podhragy, 48 F. Supp. 2d 268, 271-72 (S.D.N.Y. 1998) (citations omitted). These defenses are personal to the defendant that may be beyond the Court's jurisdiction over it, see Duttle v. Bander & Kass, No. 82 Civ. 5084, 1992 U.S. Dist. LEXIS 8894, at *15 (S.D.N.Y. June 23, 1992). That a defendant received defective process or was insufficiently served with process cannot be asserted by codefendants.

Courts have sua sponte raised the issue whether there is (or may be) personal jurisdiction over a yet-to-be served defendant only in the context of actions (primarily pro se actions) where named defendants have not been served within the time period under Rule 4(m) for service of process, see Gilmore v. Stone, No. 01CV880, 2003 U.S. Dist. LEXIS 6782, at *6-7, *17-18 (N.D.N.Y. Apr. 23, 2003) (Sharpe, Mag. J.) (Report & Recommendation to dismiss, sua sponte, the unserved defendants after almost two years), or when pro se plaintiffs or petitioners who should have filed their action in the defendants' jurisdictions as a matter of law under the particular relief sought by those parties, see Agbongun v. Ashcroft, No. 02CV2119, 2002 U.S. Dist. LEXIS 26106, at *1-3 (D. Conn. Dec. 10, 2002) (Nevas, J.) (under habeas corpus statute,

9

no writ may issue where there is no personal jurisdiction). Otherwise, where plaintiff is attempting service or is within the time to do so, the Court is not in the position to determine whether personal jurisdiction should be exercised absent a challenge from the affected defendant. Defendant FPG USA has not asserted authority for the proposition that the Court sua sponte can rule on the personal jurisdiction exercised upon another defendant, see also P&E Elec., Inc. v. Utility Supply of Am., Inc., 655 F. Supp. 89, 90-91 (M.D. Tenn. 1986) (holding magistrate judge's sua sponte raising of personal jurisdiction was improper). In Dardana Ltd. v. A.O. Yuganskneftegaz, 317 F.3d 202, 203 (2d Cir. 2003), petitioner was attempting to confirm two foreign arbitral awards against Yukos Oil Company ("Yukos") and Yukos' subsidiary, A.O. Yuganskneftegaz ("YNG"), see id. at 205 n.8. Yukos moved to dismiss, in part, pursuant to Federal Rule 12(b)(2) arguing the lack of personal jurisdiction, id. at 205. The district court granted that motion to dismiss and then, sua sponte, decided also to dismiss YNG on the basis of the lack of personal jurisdiction over it, id. at 205-06. In vacating that judgment, the Second Circuit noted that petitioner argued that the district court erred in sua sponte dismissal of YNG and Yukos (appearing on behalf of YNG) agreed that this dismissal was procedurally improper, id. at 209 n.16.

The cases cited by the appearing defendants (in particular the Bechtel defendants, see Docket No. 20, Bechtel Defs. Memo. at 5) are distinguishable. In both Arar v. Ashcroft, 532 F.3d 157, 167, 173 (2d Cir. 2008) (id.), and Jazini v. Nissan Motor Co., 148 F.3d 181, 183 (2d Cir. 1998) (copy submitted at January 12, 2009, oral argument), defendants raised the issue of personal jurisdiction for themselves in the forum state and argued that plaintiff needed to make a sufficient initial showing to justify the exercise of jurisdiction before allowing discovery

to confirm whether a defendant had contacts with the forum to subject it to personal jurisdiction in federal court. In Arar, plaintiff named various Justice Department and Department of Homeland Security officials as defendants in a scheme to have plaintiff sent eventually to Syria under an "extraordinary rendition" policy, suing them in the United States District Court for the Eastern District of New York, 532 F.3d at 166, 163. Three officials asserted that they were not subject to personal jurisdiction in New York under New York's long arm statute, id. at 167. In Jazini, another case cited by the Bechtel defendants, plaintiff sued the foreign parent corporation as well as its American subsidiary due to alleged product defects in plaintiff's car that had an accident in Iran, 148 F.3d at 183. Defendant Nissan Motor Co., Ltd. (identified as "Nissan Japan" as distinct from the American subsidiary defendant) moved to dismiss under Rule 12(b)(2) for lack of jurisdiction over it, id. Neither case had a co-defendant raising the issue of personal jurisdiction being exercised against another defendant improperly or the Court considering globally whether jurisdiction is appropriately exercised.

    The prima facie showing of personal jurisdiction the appearing defendants raise here only arises when the affected defendant challenges the assertion of personal jurisdiction over it (see Docket No. 22, Pl. Memo. at 4-5), see also Arar, supra, 532 F.3d at 173 (personal jurisdiction requirement arises from individual's liberty interest, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985)); Jazini, supra, 148 F.3d at 184; cf. Fed. R. Civ. P. 11(b)(3) (the factual contentions, including those supporting the exercise of jurisdiction, "will likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"). As was held in Jazini, 148 F.3d at 184, "our cases show that '[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, see

Fed. R. Civ. P. 11, legally sufficient allegations of jurisdiction,' i.e., by making a 'prima facie showing' of jurisdiction" (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir.), cert. denied, 498 U.S. 854 (1990); Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985)).  As to these foreign defendants, this case is not at the discovery stage; plaintiff is in the service stage.

The foreign defendants, who would have standing to contest the exercise of personal jurisdiction over them (as well as any defects in the process or its service), have yet to appear. As noted by plaintiff (Docket No. 22, Pl. Memo. at 3), the appearing defendants lack standing to raise this objection to exercising personal jurisdiction over codefendants, Duttle, supra, 1992 U.S. Dist. LEXIS 8894, at *15; see Insurance Co. of Ir., supra, 456 U.S. at 703 (id.). Unlike consideration of leave to amend a pleading (even to add a party, as argued by the Bechtel defendants), what is sought here is Court authorization for a particular method of service, actually learning the acceptable means of service in Taiwan.  Authorizing service does not presume that plaintiff has personal jurisdiction over the foreign defendants, since they could object to the exercise of personal jurisdiction or the manner of service (or decide to waive these defenses) once plaintiff attempts service.

Since the referral to the undersigned did not include consideration of dispositive matters, this Report does not consider defendants' arguments regarding the absence of personal

jurisdiction over PECL or Formosa[5], save the discussion above that the appearing defendants lack standing to raise the issue. Further, such consideration is premature at this time.

## CONCLUSION

Based upon the above, it is recommended that plaintiff motion (Docket No. 15) for issuance of Letter Rogatory to serve upon defendants Pacific Engineers & Constructors, Ltd. and Formosa Plastics Corporation be **granted**, upon plaintiff complying with the requirements set forth by the United States Department of State for submitting Letter Rogatory to Taiwan.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

---

[5]Or suggested lack of jurisdiction over the appearing defendants or forum non conveniens arguments they insinuate, see also Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966) (district court, in the absence of "extraordinary circumstances" should not raise sua sponte the issue of improper venue); Chavis v. A-1 Limousine, No. 95-9238, 1996 U.S. App. LEXIS 12344 (2d Cir. May 29, 1996) (summary order) (district court held to have erred in dismissing case sua sponte for improper venue).

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      January 16, 2009