```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
BRUCE SAYLES,                                         :
                                                      :
                    Plaintiff,                        :
                                                      :
         -against-                                    :
                                                      :
PACIFIC ENGINEERS &                                   :
CONSTRUCTORS, LTD (PECL),                             :
BECHTEL GROUP, INC.,                                  :
BECHTEL CORPORATION,                                  :   08-cv-00676-WMS-HBS
AMERICAN BECHTEL, INC.,                               :
FORMOSA PLASTICS CORPORATION,                         :
FORMOSA PLASTICS CORPORATION,                         :
USA (FPG, USA),                                       :
                                                      :
                                                      :
                    Defendants.                       :
                                                      :
------------------------------------------------------X
```

# MEMORANDUM OF LAW IN

# SUPPORT OF MOTION TO DISMISS

Dennis R. McCoy
Hiscock & Barclay, LLP
*Attorneys for Defendant*
*Formosa Plastics Corporation*
Office and Post Office address:
1100 M&T Center
3 Fountain Plaza
Buffalo, New York, 14203-1414
Telephone: (716) 856-5400

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of the defendant, Formosa Plastics Corporation, ("FPC"), in support of its Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(2).

## STATEMENT OF FACTS

The plaintiff, Bruce Sayles ("Plaintiff"), commenced this action with the filing of a Summons and Complaint on or about August 6, 2008 (the "Complaint"). In the Compliant, Plaintiff alleges that he was involved in an accident in Taiwan, Republic of China, at premises owned by FPC on or about January 2, 2007. (Complaint at ¶ 94.) Plaintiff further alleges in the Complaint that at the time of the alleged incident he was employed by Harper International, which was in the process of installing a furnace it had manufactured and/or sold a furnace to FPC. (Complaint at ¶ 115). Plaintiff also alleges that he was "in the process of checking inspecting and performing work necessary for the installation of said furnace and was up on scaffolding and planking" when he fell. (Complaint at ¶ 178). Plaintiff alleges in the alternative that Formosa USA owned the premises in question and purchased the furnace from Harper. (Complaint at ¶¶ 114, 116).

The facts material to this motion are set forth in the affidavit of Alice H. Nightingale ("Nightingale affidavit"), sworn to February 26, 2010, and the declaration of GUO, Hsin-Yao ("GUO declaration"), executed on February 23, 2010.

FPC is a petrochemical company that has its principal place of business in Taipei, Taiwan, Republic of China. (GUO declaration at ¶¶ 2, 3). The company is publicly owned, and its shares are traded on the Taiwan stock exchange. (GUO declaration at ¶ 2).

Formosa Plastics Corporation, USA, is a separately owned and managed company, based in the United States ("Formosa USA"). (GUO declaration at ¶ 5).

FPC does not have any operations in North America. (GUO declaration at ¶ 5). More specifically, FPC is not in any way a resident of New York. (GUO declaration at ¶ 6). FPC does not have any employees who live or work in the State of New York. (GUO declaration at ¶ 6). In fact, FPC does not do any business in New York. (GUO declaration at ¶ 6). It does not solicit sales in New York. (GUO declaration at ¶ 6). It does not employ any agent, including Formosa USA, as an agent for sales in New York. (GUO declaration at ¶ 6). FPC does not have a designated agent for the service of process in the State of New York. (GUO declaration at ¶ 6). FPC does not own any property of any kind in New York, either real property or any other assets. (GUO declaration at ¶ 6). FPC has never been qualified or applied to be qualified to do business in the State of New York. (GUO declaration at ¶ 6). FPC has never had a business address, postal address or telephone history in the State of New York. (GUO declaration at ¶ 6). FPC does not now and never has maintained a bank account in the State of New York or otherwise transact any banking business in the State of New York. (GUO declaration at ¶ 6). FPC has no employees in the State of New York and does not recruit New York residents for employment services on behalf of the company. (GUO declaration at ¶ 6). In short, FPC has no contacts whatsoever with the State of New York. (GUO declaration at ¶ 6).

In August, 2005, FPC had entered into a contract with Harper to purchase a furnace and to have Harper supervise the installation of the furnace at FPC's facility. (GUO declaration at ¶ 8). In connection with the installation of the furnace, on July 25, 2006, FPC also entered into a contract with PECL. (GUO declaration at ¶ 9). This was a so-called turnkey contract. (GUO declaration at ¶ 9). It is written in Chinese. (GUO declaration at ¶ 9).

Formosa USA was not involved in any way with the contracts FPC entered into with Harper and PECL for the purchase, delivery and installation of the Harper furnace at FPC's facility. (GUO declaration at ¶ 10). Formosa USA had absolutely no interaction with either Plaintiff or his employer Harper. (Nightingale affidavit at ¶ 6). Formosa USA did not assist in any manner with selecting Harper, contacting it or otherwise negotiating the terms of the contract for the purchase of the furnace. (GUO declaration at ¶ 10; Nightingale affidavit at ¶ 6). All of these tasks were done by FPC employees, and/or its attorneys working on its behalf. (GUO declaration at ¶ 10).

## ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AGAINST FORMOSA PLASTICS CORPORATION BECAUSE IT IS NOT SUBJECT TO JURISDICTION IN NEW YORK

"District courts resolving issues of personal jurisdiction must engage in a two-part analysis. First, a district court must determine whether, under the laws of the forum state (New York in this case), there is jurisdiction over the defendant. Second, it must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158 (2d Cir. 2005).

The plaintiff bears the burden of establishing that the court may exercise personal jurisdiction over the defendant. *Reers v. Deutsche Bahn Ag*, 320 F. Supp. 2d 140 (S.D.N.Y. 2004). In the present matter, it is indisputable that FPC has absolutely no contacts with New York, and, as such, Plaintiff cannot establish that FPC is subject to jurisdiction in New York.

## A. Plaintiff Cannot Establish Jurisdiction Pursuant to CPLR 301 Because FPC Does No Business In New York.

Pursuant to New York CPLR 301, a corporation is doing business in New York if it does business in New York not occasionally or casually, but with a fair measure of "permanence and continuity." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985). "In determining whether a foreign corporation is doing business in New York, courts focus upon factors including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *Heidle v. Prospect Reef Resort, Ltd.*, 364 F. Supp. 2d 312, 314 (W.D.N.Y. 2005) (citations omitted).

New York courts consider the "aggregate of the corporations activities in the State," to determine if it would "make it reasonable and just" to require a party to defend an action in New York. *Laufer v. Ostrow*, 55 N.Y.2d 305 (1982). It is the plaintiff's burden to establish that the court may exercise personal jurisdiction over FPC. *Reers v. Deutsche Bahn AG*, 320 F. Supp. 2d 140 (S.D.N.Y.) (citing *Cutco Indus., Inc. v. Naughton*, 860 F.2d 361 (2d Cir. 1986).

In the present matter, it would not be "reasonable and just" to subject FPC to jurisdiction in New York because it engages in absolutely no activity of any sort whatsoever in New York. As set forth in the accompanying GUO declaration, FPC is a Taiwanese corporation with no ties to this jurisdiction; FPC does not have any employees who live or work in the State of New York; FPC does not do any business in New York; FPC does not solicit sales in New York; FPC does not employ any agent, including co-defendant Formosa Plastics Corporation, USA ("Formosa USA") as an agent for sales in New York; FPC does not have a designated agent for the service of process in the State of New York; FPC does not own **any** property of any kind in New York, either real property or any other assets; FPC has never been qualified or applied to be qualified to do business in the State of New York; FPC has never had a business address, postal

address or telephone history in the State of New York; FPC does not now and never has maintained a bank account in the State of New York or otherwise transact any banking business in the State of New York; FPC has no employees in the State of New York and does not recruit New York residents for employment services on behalf of the company. In short, FPC has **no contacts whatsoever** with the State of New York.

In light of the above, Plaintiff cannot establish any activity by FPC in New York upon which jurisdiction can properly be based. As such, the Court should dismiss the Complaint as to FPC pursuant to FRCP 12(b)(2).

**B.     Plaintiff Cannot Establish Jurisdiction Pursuant to CPLR 302 Because Plaintiff's Claims Arose in Taiwan**

Where none of the plaintiff's claims "arise from" the defendant's contacts with New York, jurisdiction under New York State's Long Arm Statute, CPLR 302, is inapplicable. *See Johnson v. Ward*, 4 N.Y.3d 829 (2005); *Sun Micro Medical Technologies Corp. v. Passport Health Communications, Inc.*, 2006 U.S. Dist. LEXIS 87772 (Dec. 4, 2006 S.D.N.Y.). "It is well established that a foreign defendant whose only contact with New York is the purchase of goods by telephone or mail from a New York plaintiff is not subject to long arm jurisdiction." *Concrete Pipe Products Corp. v. Modern Building Materials, Inc.*, 213 A.D.2d 1023 (4th Dep't 1995).

In the present matter, Plaintiff cannot establish jurisdiction over FPC under CPLR 302. As set forth in the GUO declaration, FPC's only contact with New York was when it ordered the subject furnace from Plaintiff's employer. This isolated act is insufficient to subject FPC to New York's long arm jurisdiction. As such, Plaintiff's Complaint should be dismissed.

**C. Formosa Plastics Corporation, USA's Alleged Activities In New York Do Not Confer Jurisdiction Over FPC**

Under New York law, a subsidiary's presence in New York is insufficient to confer jurisdiction over the foreign corporate parent unless the plaintiff can make a prima facie showing that either: (1) the subsidiary is a 'mere' department of the foreign corporation; or (2) the subsidiary acts as an agent of the foreign corporation. *Cornell v. Assicurzioni Generali S.p.A., Consolidated*, 2000 U.S. Dist. LEXIS 2922 (March 15, 2000, S.D.N.Y.) (granting Rule 12(b)(2) motions to dismiss for lack of personally jurisdiction and denying plaintiff's request for discovery in the absence of prima facie showing).

As fully set forth in the GUO declaration and Nightingale affidavit, Formosa USA is neither a subsidiary nor an agent of FPC. While Formosa USA and FPC are affiliated, they are independent and separate business organizations which function independent of each other financially, and do not support each other financially, do not share any operational assets, have separate sales and geographically distinct and totally separate markets. Neither company acts as an agent for the other in terms of operations or sales. Each company has separate subsidiaries and manufacturing facilities. Each company is a substantial, multi-billion dollar a year multi-national company in its own right.

Plaintiff's Complaint fails to make any allegations regarding the relationship between FPC and Formosa USA. While it is Plaintiff's burden is to a make a prima facie showing that that the relationship between FPC and Formosa USA, he has failed to make even one of the allegations necessary to establish jurisdiction as to FPC. As such, this Court may properly grant FPC's Rule 12(b)(2) motion to dismiss in the absence of any discovery.

## **CONCLUSION**

It is respectfully requested that FPC's Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(2) be granted in it entirety, together with such other and further relief as this Court deems just and proper.

**DATED:** February 26, 2010  **HISCOCK & BARCLAY, LLP**

By: s/ Dennis R. McCoy
       Dennis R. McCoy

*Attorneys for Defendant*
*Formosa Plastics Corporation*
Office and Post Office address:
1100 M&T Center
3 Fountain Plaza
Buffalo, New York, 14203-1414
Telephone: (716) 856-5400
dmccoy@hblaw.com