```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

BRUCE SAYLES,

                Plaintiff,

                                                 **Hon. Hugh B. Scott**

                v.

                                                 08CV676S

                                                 **Order**

PACIFIC ENGINEERING &
CONSTRUCTORS, LTD. (PECL),
BECHTEL GROUP, INC.,
BECHTEL CORPORATION,
AMERICAN BECHTEL, INC.,
FORMOSA PLASTICS CORPORATION,
FORMOSA PLASTICS
CORPORATION, USA (FPG, USA),

                Defendants.

Before the Court is plaintiff's timely motion to compel discovery from certain defendants[1] regarding this Court's jurisdiction over this action (Docket No. 67[2]). On October 13,

---

[1] For convenience, defendants hereinafter will be identified as follows: Formosa Plastics Corporation as "Formosa," as distinct from domestic defendant Formosa Plastics Corporation, USA, (FPG, USA), referenced hereinafter as "Formosa USA," the preferred form from that party, see, e.g., Docket No. 36, and not as it was incorrectly named initially; Pacific Engineers & Constructors, LTD, as "PECL"; the "Bechtel defendants" refers collectively to defendants Bechtel Group, Inc., Bechtel Corporation, and American Bechtel, Inc.

[2] In support of this motion, plaintiff submitted his attorney's declaration with exhibits, Docket No. 67, his attorney's reply declaration and reply memorandum, Docket No. 79. In opposition, the Bechtel defendants submitted their attorney's declaration with exhibits, Docket No. 71, memorandum of law, Docket No. 72, motion to correct the record, Docket No. 81, to submit an additional exhibit in response to plaintiff's reply, and declaration and new exhibit, Docket No. 82; and defendant PECL submitted its attorney's declaration, Docket No. 73, and memorandum of law, Docket No. 74. The Bechtel defendants motion to correct the record was granted, Docket No. 83.

2010, the Court held a status conference in this case, as scheduled plaintiff to file his motion to compel by October 22, 2010 (Docket No. 66). After granting defendants' motion (Docket No. 68; cf. Docket No. 66 (responses originally due November 15, 2010)) to extend the briefing schedule, responses to this motion were due by November 22, 2010, and the motion initially was deemed submitted (without oral argument) on November 22, 2010. Plaintiff later sought leave to reply and the Court granted him until December 15, 2010, to do so, with the motion deemed submitted on this latest date (Docket No. 77).

## BACKGROUND

This is a removed diversity personal injury action, arising from personal injuries suffered by plaintiff when he worked at a job site in Taiwan (see Docket No. 1, Notice of Removal). The Complaint, filed in New York State Supreme Court, Erie County, alleges negligence, violations of provisions of the New York State Labor Law, occupational safety and health regulations of New York and Taiwan from plaintiff's fall from scaffolding in Taiwan in January 2007 (see generally Docket No. 15, Pl. Atty. Affirm. ¶ 3, Ex. A, state Compl.). Plaintiff alleges that he was employed by Harper International. Harper International entered into a contract to install a furnace in Taiwan and plaintiff was working there during the installation when the scaffolding allegedly caused him to fall (see id. Compl. ¶¶ 1, 178; Docket No. 20, Bechtel Memo. at 2). This furnace was installed on property owned by defendant Formosa (Docket No. 15, Pl. Atty. Affirm. ¶ 3, Ex. A, Compl. ¶ 94; see Docket No. 20, Bechtel Memo. at 2). Plaintiff alleges that PECL was the general contractor of the construction site where the accident occurred (Docket No. 15, Pl. Atty. Affirm. ¶ 4).

---

Defendants Formosa and Formosa USA did not respond to this motion.

Plaintiff sued two foreign entities, PECL and Formosa (hereinafter collectively the "foreign defendants"), as well as domestic companies Formosa USA and the Bechtel defendants. Formosa USA removed this action to this Court (Docket No. 1). The Bechtel defendants (Docket No. 5) and Formosa USA (Docket No. 8) each answered the Complaint. After resolving service issues surrounding the foreign defendants (Docket Nos. 24 (Report & Recommendation regarding letters rogatory), 27 (Order adopting Report), 15 (plaintiff's motion for issuance of letters rogatory); see Docket No. 16 (minute entry), 26 (referral Order granting dispositive matters for report)), Formosa (Docket No. 30) and PECL (Docket No. 31) each answered.

Defendants then filed separate dispositive motions. Formosa USA moved for summary judgment (Docket No. 36) denying any involvement in this incident (see generally Docket No. 39, Formosa USA Memo. at 5; Docket No. 37, Nightingale[3] Aff.). Formosa moved to dismiss the Complaint for lack of personal jurisdiction (Docket No. 40). PECL also moved to dismiss for lack of personal jurisdiction (Docket No. 47). The Bechtel defendants moved to dismiss for lack of personal jurisdiction or alternatively for summary judgment (Docket No. 52). PECL and the Bechtel defendants rely upon their moving papers in opposing plaintiff's present discovery motion (see Docket Nos. 71, 73).

*Plaintiff's Motion to Compel*

In order to respond to defendants' then-pending dispositive motions (particularly those arguing jurisdictional defects), plaintiff stated that he needed limited jurisdictional discovery (see Docket Nos. 61, 62). Defendants then withdrew their motions without prejudice to renew at the conclusion of this jurisdictional discovery (Docket No. 62). The Court monitored progress in

---

[3]Formosa USA's corporate secretary Alice Nightingale.

3

this case in a series of status conferences (Docket Nos. 61, 62, 66). At the last conference on October 13, 2010 (Docket No. 66), plaintiff indicted his intention to file the present pending motion for an Order compelling responses to his discovery from PECL and the Bechtel defendants (Docket No. 67). Plaintiff contends that PECL is a "mere department" of Bechtel Corporation or its immediate parent American Bechtel, Inc., which is, in turn, a "mere department" of Bechtel Corporation (Docket No. 67, Pl. Memo. at 1).

*Defense Responses*

PECL argues that, under New York law, personal jurisdiction over a parent corporation exists when its New York subsidiary is a "mere department" of the parent, Volkswagenwerk v. Beech Aircraft Corp., 751 F.2d 117, 120-22 (2d Cir. 1984) (discussing factors for determining whether subsidiary is "mere department"of parent) (Docket No. 74, PECL Memo. at 2). PECL concludes that plaintiff wholly failed to make a prima facie case that PECL is a "mere department" of defendant Bechtel Corporation (id. at 2-3, 6-16), and plaintiff's motion to compel discovery should be denied (id. at 3-6). PECL, a Taiwanese corporation, denies any contacts with New York State (Docket No. 73, PECL Atty. Decl., Ex. A, Decl. of Edward H.C. Lee, president of PECL, ¶¶ 2, 5, 10-23). PECL is a subsidiary of American Bechtel Inc. (id. ¶ 24), but PECL claims that American Bechtel, as with Bechtel Group, Inc., and Bechtel Corporation, "do not direct, control or otherwise intervene in the day to day management or operations" of PECL (id. ¶ 25).

The Bechtel defendants argue that further jurisdictional discovery here should be allowed only if plaintiff makes a prima facie showing of personal jurisdiction, here evidence that PECL is a "mere department" of the Bechtel defendants (Docket No. 72, Bechtel Defs. Memo. at 1-2, 7-

4

9). They fault plaintiff's assertions on this point (allegations made upon only information and belief, pointing out common officers for these corporations) as being insufficient to establish a prima facie case to warrant further inquiry (id. at 2, 9-13), see Jazini v. Nissan Motor Co., 148 F.3d 181, 185-86 (2d Cir. 1998). They contend that plaintiff would need to pierce the corporate veils of three entities (PECL, American Bechtel, its parent, and non-party Bechtel International Corporation) in order to reach a party that this Court has personal jurisdiction over, defendant Bechtel Corporation (id. at 3)[4].

The Bechtel defendants produced to plaintiff evidence that shows that PECL is not a "mere department" of the Bechtel defendants (id. at 14-19; Docket No. 71, Bechtel Defs. Atty. Decl. Exs. B, C, D, E).

*Plaintiff's Reply*

Plaintiff sought leave to reply and the Court granted him until December 20, 2010, to do so (Docket No. 77). In his reply, he argues that "the Second Circuit has specifically disavowed the defendants' contention that Jazini stands for the proposition that jurisdictional discovery is not permitted in the absence of the plaintiff first establishing a prima facie case of jurisdiction: 'If the District Court understood Jazini as forbidding jurisdictional discovery any time a plaintiff does not make a prima facie showing of jurisdiction, this would indeed be legal error.' Ehrenfeld v. Mahfouz, 489 F.3d 542, 550 fn. 6 (2nd Cir. 2007)," (Docket No. 79, Pl. Atty. Reply Decl. ¶ 4; Docket No. 79, Pl. Reply Memo. at 3-4). A "mere department" theory plaintiff articulates

---

[4]The Bechtel defendants state that PECL is a wholly owned subsidiary of American Bechtel Corporation. American Bechtel, in turn, is a wholly owned subsidiary of Bechtel International Corporation, and not Bechtel Corporation as plaintiff asserts. Bechtel International Corporation, in turn, is itself a subsidiary of Bechtel Corporation. Docket No. 72, Bechtel Defs. Memo. at 3 n.2.

"'require[s] a fact specific inquiry into the realities of the actual relationship between the parent and the subsidiary'" (Docket No. 79, Pl. Atty. Reply Decl. ¶ 6, quoting ESI, Inc. v. Coastal Corp., 61 F. Supp. 2d 35, 50 (S.D.N.Y. 1999), quoting in turn Koehler v. Bank of Bermuda, 101 F.3d 863, 865 (2d Cir. 1996). Plaintiff objects to the discovery provided as being limited solely to the furnace installation project and not to the other corporate operations of defendants (id. ¶¶ 10-12, 6).

Plaintiff alternatively argues that he made specific factual allegations pertinent to his "mere department" theory (Docket No. 79, Pl. Reply Memo. at 5; see Docket No. 67, Pl. Atty. Decl. Ex. A, Compl. ¶¶ 119-43).

The Bechtel defendants then moved to correct the record, to add an exhibit in response to plaintiff's reply contention that a "prior decision" of this Court authorized this discovery (Docket No. 81; Docket No. 82, Bechtel Defs. Atty. Decl. ¶¶ 2-4; cf. Docket No. 78, Pl. Reply Memo. at 1); instead, defendants had volunteered to produce certain jurisdictional discovery (Docket No. 82, Bechtel Defs. Atty. Decl. ¶ 5, Ex. A (new exhibit, letter describing discovery defendants were willing to produce)). They also note that between March 24, and October 22, 2010, plaintiff had not moved to compel (id. ¶ 7).

## DISCUSSION

This discovery is unusual since it is occurring before a Scheduling Order has been entered in this case and it is focused on the Court's jurisdiction over these defendants. Similar to the Bechtel defendants noting that plaintiff had not moved to compel discovery for months after they identified the categories of discovery they were willing to produce, this Court allowed that discovery to go forward and defendants did not seek a protective Order against this disclosure.

6

Only now has the question of whether plaintiff should have this discovery been raised. Defendants' arguments compel the Court to consider (but not address or recommend a disposition for) their substantive arguments raised in their terminated motions to dismiss, in particular the corporate relationship between PECL and the Bechtel defendants. The issue here is whether plaintiff has made a prima facie case that a mere department relationship exists between PECL and at least one of the Bechtel defendants to allow further jurisdictional discovery from these parties, which turns on the scope of the Second Circuit's decision in Jazini, supra, 148 F.3d 181.

As the Bechtel defendants note, "District courts in [the Second C]ircuit routinely reject requests for jurisdictional discovery where a plaintiffs allegations are insufficient to make out a prima facie case of jurisdiction." Stutts v. The De Dietrich Group, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006). See, e.g., Anchor v. Novartis Grimsby Ltd., 282 Fed. Appx. 872, 875 (2d Cir. 2008), aff'g, Anchor v. Novartis Grimsby Ltd., No. 05CV7, Docket No. 79, 2006 U.S. Dist. LEXIS 85622, at *24, 2006 WL 3419846, at *9 (W.D.N.Y., Nov. 28, 2006) (Skretny, J.) (denying plaintiffs' request for additional jurisdictional discovery as a "fishing expedition" where plaintiff failed to make out a prima facie case) (Docket No. 72, Bechtel Defs. Memo. at 4). Where a "mere department" theory is asserted for personal jurisdiction, the plaintiff needs to establish a prima facie case without any discovery before jurisdictional discovery should be authorized (id. at 5), see Jazini, supra, 148 F.3d at 185-86; In re Ski Train Fire in Kaprun, Austria, 230 F. Supp. 2d 403 (S.D.N.Y. 2002). But, as plaintiff notes (Docket No. 79, Pl. Atty. Reply Decl. ¶ 6; Docket No. 79, Pl. Reply Memo. at 2), this inquiry is fact specific to the realities of the relationship between the corporate entities, Koehler, supra, 101 F.3d at 865.

7

In Jazini, the Second Circuit held that the district court did not abuse its discretion in denying jurisdictional discovery where plaintiff failed to make a prima facie showing, see 148 F.3d at 186; Ayyash v. Bank Al-Madina, No. 04 Civ. 9201, 2006 U.S. Dist. LEXIS 9677, at *18 n.7 (S.D.N.Y. Mar. 9, 2006) (Docket No. 79, Pl. Reply Memo. at 3-4); see also id. at *17 (court has considerable discretion in handling jurisdictional questions, including conduct of jurisdictional discovery, cited cases omitted). At issue primarily in Jazini was whether the federal court had personal jurisdiction over defendant, a Japanese multi-national manufacturer, for an accident that occurred in Iran, Jazini, supra, 148 F.3d at 183, with the district court granting a Rule 12(b) dismissal of the action, concluding that

> "indeed, if allegations as sparse as those advanced by plaintiffs would be enough to subject the foreign parent to 'extensive discovery' in the United States, the scope of jurisdiction of courts sitting in New York over multi-national corporations would be vastly increased contrary to established law ad to the understanding of the commercial community,"

id. (quoting district court's opinion); see also Anchor, supra, 2006 U.S. Dist. LEXIS 85622, at *10-23. The Second Circuit then considered whether plaintiffs have shown enough to entitle them to discovery on personal jurisdiction issues, Jazini, supra, 148 F.3d at 184. Plaintiffs had alleged "only that Nissan U.S.A. 'is able to act as would its parent, were [Nissan Japan] directly present in the State of New York,'" id.

The district court in Jazini (as had Chief Judge Skretny in Anchor) decided first whether personal jurisdiction existed, and then whether plaintiff asserted a prima facie case that such jurisdiction existed to allow for jurisdictional discovery (see Docket No. 79, Pl. Reply Memo. at 4). In the case at bar, however, the jurisdictional question essentially was held in abeyance pending the conclusion of jurisdictional discovery (see Docket No. 62, minutes May 12, 2010,

8

indicating withdrawal of dispositive motions without prejudice pending conclusion of plaintiff's jurisdictional discovery; text Order of Sept. 10, 2010 (same)). Here, plaintiff made extensive allegations about the corporate relationships among the defendants, alleging that PECL was a wholly owned subsidiary of Bechtel Group, Inc., and of Bechtel Corporation (see Docket No. 1, Notice of Removal, Ex. A, Compl. ¶¶ 124, 128-29) and that American Bechtel was a wholly owned subsidiary of Bechtel Corporation, and to which PECL was a wholly owned subsidiary of American Bechtel (id. ¶¶ 126-27). The Complaint alleges that PECL was a joint venture between the Bechtel Group or American Bechtel and Sinotech Foundation for Research and Development of Engineering (id. ¶¶ 130, 131). Plaintiff claimed that PECL and Bechtel Group had identical directors and a supervisor (id. ¶ 132) and alleged that Bechtel Group and Bechtel Corporation each "thoroughly intervenes in the management and thoroughly dominates the activities" of PECL (id. ¶¶ 136, 137). The Complaint named a principal officer common to PECL and a Bechtel corporate entity (id. ¶ 138) among other officials common to these entities (id. ¶¶ 140, 141). Plaintiff also claimed that PECL adopted Bechtel Group's or Bechtel Corporation's organizational structure and trained its employees in Bechtel tools and processes (id. ¶¶ 142, 143).

In Volkswagenwerk v. Beech Aircraft, supra, 751 F.2d 117, 120-22, the Second Circuit set forth factors to be considered in determining whether a subsidiary is a "mere department" of its parent, (1) common ownership; (2) financial dependency; (3) the degree to which the parent interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities; and (4) the degree of control exercised by the parent over marketing and operational policies of the subsidiary (id. at 5-6; Docket No. 74, PECL Memo. at

9

2), with the first factor of common ownership being essential (Docket No. 74, PECL Memo. at 2), id. at 120.

Here, plaintiff has made a prima facie showing of personal jurisdiction to warrant compelled jurisdictional discovery. This differs from the single allegation in Jazini, supra, 148 F.3d at 184, or the absence of any response from the plaintiffs in Anchor as to personal jurisdiction following limited discovery in that case, supra, 2006 U.S. Dist. LEXIS 85622, at *24[5]. Although the foreign defendants in the case at bar also deny any contacts with New York, the discovery issue here is whether they are departments of parent corporations which do have contacts here.

Plaintiff's motion to compel jurisdictional discovery is **granted**. Furthermore, such discovery should not be limited to the furnace project that lead to plaintiff's claims. The discovery issue is the corporate relationships between the foreign and domestic defendants. Those connections exist beyond the furnace project. Also, as plaintiff argues (Docket No. 79, Pl. Reply Memo. at 11-12), he need not meet the standard for piercing the corporate veils of the defendants and their subsidiaries to establish a "mere department" relationship with the foreign subsidiaries. Piercing the corporate veil is only necessary for establishing ultimate liability and is not needed for establishing jurisdiction (or, as here, stating a prima facie claim to allow for jurisdictional discovery on that point), see Dorfman v. Marriott Int'l Hotels, Inc., No. 99 Civ. 10496, 2002 U.S. Dist. LEXIS 72, at *35 n. 13, 2002 WL 14363, at *11 n.13 (S.D.N.Y. Jan. 3, 2002) (mere department finding only for jurisdictional purposes only).

---

[5]Chief Judge Skretny relied upon cases where defendants categorically denied having any contacts with New York in denying further jurisdictional discovery in Anchor, 2006 U.S. Dist. LEXIS 85622, at *24-25; cf. Docket No. 79, Pl. Reply Memo. at 14-15.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 67) is **granted**.

So Ordered.

                                                 */s/ Hugh B. Scott*
                                                 Honorable Hugh B. Scott
                                                 United States Magistrate Judge

Dated: Buffalo, New York
       December 20, 2010