UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRUCE SAYLES,

                          Plaintiff,


                                                              **Hon. Hugh B. Scott**

                    v.
                                                              08CV676S

                                                                   **Order**

PACIFIC ENGINEERING &
CONSTRUCTORS, LTD. (PECL),
BECHTEL GROUP, INC.,
BECHTEL CORPORATION,
AMERICAN BECHTEL, INC.,
FORMOSA PLASTICS CORPORATION,
FORMOSA PLASTICS
CORPORATION, USA (FPG, USA),

                          Defendants.

_____

        Before the Court is plaintiff's timely motion to compel discovery Formosa Plastics

Corporation (hereinafter "Formosa") and Formosa Plastics Corporation, USA ("Formosa USA";

collectively "Formosa defendants")[1] (Docket No. 105[2]).  Responses to this motion were due by

January 19, 2012 (Docket No. 106), but later extended to February 21, 2012, with replies due

_____

        [1]For convenience, defendants hereinafter will be identified as follows:  Formosa Plastics
Corporation as "Formosa," as distinct from domestic defendant Formosa Plastics Corporation,
USA (FPG, USA), referenced hereinafter as "Formosa USA"; Pacific Engineers & Constructors,
LTD, as "PECL"; and the "Bechtel defendants" refers collectively to defendants Bechtel Group,
Inc., Bechtel Corporation, and American Bechtel, Inc.


        [2]In support of this motion, plaintiff submitted his attorney's declaration with exhibits,
Memorandum of Law, Docket No. 105; and his Reply Memorandum (with exhibit), Docket
No. 111.  In opposition, the Formosa defendants submit their Memorandum of Law in
Opposition, Docket No. 110.

March 7, 2012, and the motion was argued on March 9, 2012 (Docket Nos. 107, 112 (minutes)). Decision was reserved on this motion on March 9, 2012 (Docket No. 112).

## BACKGROUND

This is a removed personal injury action based on diversity jurisdiction, arising from personal injuries suffered by plaintiff when he worked at a job site in Taiwan (see Docket No. 1, Notice of Removal).  The Complaint, filed in New York State Supreme Court, Erie County, alleges negligence, violations of provisions of the New York State Labor Law, and occupational safety and health regulations of New York and Taiwan from plaintiff's fall from scaffolding in January 2007 (see generally Docket No. 15, Pl. Atty. Affirm. ¶ 3, Ex. A, state Compl.).  Plaintiff was employed by Harper International.  Harper International entered into a contract to install a furnace in Taiwan and plaintiff was working there during the installation when the scaffolding allegedly caused him to fall (see id. Compl. ¶¶ 1, 178; Docket No. 20, Bechtel Memo. at 2).  This furnace was installed on property owned by defendant Formosa (Docket No. 15, Pl. Atty. Affirm. ¶ 3, Ex. A, Compl. ¶ 94; see Docket No. 20, Bechtel Memo. at 2).  Plaintiff alleges that PECL was the general contractor of the construction site where the accident occurred (Docket No. 15, Pl. Atty. Affirm. ¶ 4).

Plaintiff sued two foreign entities, PECL and Formosa, as well as domestic companies Formosa USA and the Bechtel defendants.  Formosa USA removed this action to this Court (Docket No. 1).  The Bechtel defendants (Docket No. 5) and Formosa USA (Docket No. 8) each answered the Complaint.  After resolving service issues surrounding PECL and Formosa (Docket Nos. 24 (Report & Recommendation regarding letters rogatory), 27 (Order adopting Report), 15 (plaintiff's motion for issuance of letters rogatory); see Docket Nos. 16 (minute entry), 26

2

(referral Order granting dispositive matters for report)), Formosa (Docket No. 30) and PECL (Docket No. 31) each answered.

Defendants then filed separate dispositive motions[3].  Pertinent to the present motion, Formosa USA moved for summary judgment (Docket No. 36) denying any involvement in this incident (see generally Docket No. 39, Formosa USA Memo. at 5); Formosa also moved to dismiss the Complaint for lack of personal jurisdiction (Docket No. 40).

In order to respond to defendants' then-pending dispositive motions (particularly those arguing jurisdictional defects), plaintiff stated that he needed limited jurisdictional discovery from them (see Docket Nos. 61, 62).  Defendants then withdrew their motions without prejudice to renew at the conclusion of this jurisdictional discovery (Docket No. 62).  The Court monitored progress in this case in a series of status conferences (Docket Nos. 61, 62, 66).  At the status conference on October 13, 2010 (Docket No. 66), plaintiff indicted his intention to file the present pending motion for an Order compelling responses to his discovery from the other defendants, PECL and the Bechtel defendants; the Court set a schedule for such a motion (id.).  He filed this first motion to compel (Docket No. 67), later it was granted (Docket No. 84), defendants objected (Docket Nos. 92-94), and their objections were denied (Docket No. 100).

*Plaintiff's Second Motion to Compel*

At a status conference on December 7, 2011, plaintiff reported that he was continuing his jurisdictional discovery but may need to move to compel discovery from the Formosa defendants, while the Formosa defendants indicated their intention to refile their dispositive

---

[3]PECL moved to dismiss for lack of personal jurisdiction (Docket No. 47).  The Bechtel defendants moved to dismiss for lack of personal jurisdiction or alternatively for summary judgment (Docket No. 52).

motions (Docket No. 103).  This Court entered a Scheduling Order which had any motion to compel jurisdictional discovery due by December 30, 2011, and renewal of defense dispositive motions by July 20, 2012 (Docket No. 104).

Plaintiff then filed the present timely motion to compel jurisdictional discovery from the Formosa defendants (Docket No. 105).  He had sought jurisdictional discovery from Formosa through Interrogatories, document demands, and Requests for Admissions and sought Interrogatories from Formosa USA (id., Pl. Atty. Decl. ¶ 8, Exs. D, E, F, G).  Plaintiff asked 27 Interrogatories, exclusive of discrete subparts (id., Exs. D, G), cf. Fed. R. Civ. P. 33(a)(1) (party may serve no more than 25 written interrogatories including all discrete subparts).  The Formosa defendants responded (id. ¶ 10, Exs. H, I, J (Formosa), K (Formosa USA)).  After reviewing these responses, in August 2010 plaintiff's counsel wrote to Formosa defendants' counsel regarding certain deficiencies (id. ¶ 12, Ex. L).

The Formosa defendants objected to answering questions about their business relationship with plaintiff's employer, Harper International (Docket No. 105, Pl. Atty. Decl. Exs. H, K).  Plaintiff then noticed Formosa's deposition but no one was produced (id. ¶ 15).  The Formosa defendants announced in August through September 2010 their refusal to engage in further jurisdictional discovery (id. ¶ 14, Ex. N), asserting that plaintiff had not asserted a prima facie case for personal jurisdiction over them (id. Ex. N).  Plaintiff now seeks further written discovery and to depose representatives of Formosa (id. ¶¶ 16, 30-32, 33-36).  The chart in plaintiff's counsel's affidavit (id. ¶¶ 30, 31, at pages 12-16) lists interrogatories and documents sought, most related to defendants' business with plaintiff's employer and the common ownership of the Formosa corporations.

4

Plaintiff claims that Formosa USA is a Delaware corporation that regularly does business in New York (see id. ¶ 17, Exs. K, C).  The sales contract for the work plaintiff performed contained a choice of law and venue provisions with that contract deemed to have been made in New York, governed by New York law, and any lawsuits under that agreement were to be commenced in Erie County, New York (id. ¶ 18 b.).

Plaintiff has two theories for invoking personal jurisdiction over the Formosa defendants, first, under New York State's long-arm statute, N.Y. CPLR 302(a)(1), and, second, that one defendant is the mere department of the other, where jurisdiction obtained over one also includes jurisdiction over the other (id. Pl. Memo. at 1-2).  Thus, he is seeking discovery on these theories and discovery should not conclude until "plaintiff is able to learn all the facts bearing upon the jurisdictional question" (id. at 1).  He contends that he meets any threshold burden for obtaining this jurisdictional discovery (id. at 2-5).  Plaintiff refutes defendants' contention that purchases made in New York by a non-domiciliary constitutes a jurisdictional basis (id. at 6-7), with defendants purchasing the furnace and the services of plaintiff to supervise its installation (id. at 7).

*Defense Responses*

The Formosa defendants argue against further jurisdictional discovery by plaintiff, complaining that extensive discovery has already been provided to plaintiff (Docket No. 110, Formosa Defs. Memo. at 2).  Plaintiff claims jurisdiction under CPLR 302(a)(1), and the Formosa defendants state that "extensive (and excessive) discovery on this issue" has been provided (Docket No. 110, Defs. Memo. at 4).  Defendants deny that plaintiff's tort claims arose from the contractual relationship between Harper International and Formosa (id. at 5).  As for

plaintiff's second jurisdictional basis, the "mere department" theory, defendants contend that

there is no common ownership between the Formosa defendants and that discovery to date

established that Formosa USA is not a mere department of Formosa (id. at 5, 6-7).  They deny

that the test for long-arm jurisdiction has been met to warrant further discovery (id. at 7-10) or

that Formosa USA was shown to be a "mere department" of Formosa (id. at 10-12).  Defendants

do not argue the burden of responding to further discovery but rather renew their questioning of

jurisdiction over them in this action.  During oral argument, defendants argued that plaintiff

effectively abandoned the "mere department" contention and that the claims against Formosa

USA should be voluntarily dismissed (see Docket No. 112, minutes).

*Plaintiff's Reply*

     In his reply, plaintiff argues that he has established long-arm jurisdiction over Formosa

(Docket No. 111, Pl. Reply Memo.)   He relies upon the underlying contract as proof of

defendants' activities in New York (id. at 5-6).

## DISCUSSION

     Before considering plaintiff's motion to compel jurisdictional discovery, a discussion of

the bases for personal jurisdiction is in order.  The question of whether this Court has personal

jurisdiction over these defendants remains a contested one.  This Order does not decide that

question.

I.     Personal Jurisdiction

     Federal personal jurisdiction against non-domiciliary corporations involves a two-part

analysis, Energy Brands Inc. v. Spiritual Brands, Inc., 571 F. Supp.2d 458, 465 (S.D.N.Y. 2008).

"First, the Court must look to the forum state's general jurisdictional or long-arm jurisdictional

statute to determine whether in personam jurisdiction exists over the nonresident defendant."
Eastman Kodak Co. v. Koycera Corp., No. 10cv6334, Docket No. 48, Order at 4, 2011 U.S. Dist.
LEXIS 40486, at *7 (W.D.N.Y. Apr. 13, 2011) (Siragusa, J.).  "Second, if the relevant statute
allows the court to exercise jurisdiction, the court must then determine 'whether the exercise of
jurisdiction comports with due process,'" id.; Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990).
At issue here is that first element, whether jurisdiction exists under New York law.

        This discovery is a continuation of the essentially pre-action discovery regarding
jurisdiction over defendants, commenced before a Scheduling Order was entered.  During oral
argument, the parties reduced this dispute to whether there was jurisdiction over the Formosa
defendants under the New York CPLR 302(a)(1), the long arm statue.  That provision states a
court in New York may exercise personal jurisdiction over any non-domiciliary who in person or
through an agent transacts any business within the state, id.

        Under CPLR 302(a)(1), plaintiff must show both that the defendants transacted business
in New York and that his claim arises out of that particular business activity, Eastman Kodak,
supra, 2011 U.S. Dist. LEXIS 40486, at *10-11 (Docket No. 105, Pl. Memo. at 5; Docket
No. 110, Defs. Memo. at 7-8); Curto Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).
As noted by this Court in Eastman Kodak, supra, 2011 U.S. Dist. LEXIS 40486, at *11,
"moreover, 'a defendant need not be physically present in New York to transact business there
within the meaning of the first clause of section 302(a)(1), as long as he engages in purposeful
activities or volitional acts through which he avails himself of the privilege of conducting
activities within the State, thus invoking the benefits and protections of its laws,'" id., quoting
Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 169 (2d Cir. 2010).

II.     Jurisdictional Discovery

Jurisdictional discovery is allowed when plaintiff makes a threshold showing that there is

some basis for the assertion of jurisdiction, Kiobel v. Royal Dutch Petroleum Co., No. 02 Civ.

7618, 2009 U.S. Dist. LEXIS 106798, at *12-13 (S.D.N.Y. Nov. 16, 2009) (Docket No. 110,

Defs. Memo. at 7; cf. Docket No. 105, Pl. Memo. at 3).   It is within this Court's discretion to

determine whether plaintiff is entitled to conduct jurisdictional discovery, Kiobel, supra,

2009 U.S. Dist. LEXIS 106798, at *12; APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003);

Daventree Ltd. v. Republic of Azerbaijan, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004).   This

Court previously found, as to codefendants PECL and Bechtel defendants, that plaintiff made the

prima facie showing to warrant jurisdictional discovery as to them (Docket No. 84, Order of

Dec. 20, 2010, at 6-10).

This motion seems like a prelude to defendants' motion to dismiss on jurisdictional

grounds.   But the issue in this motion is whether plaintiff can compel further discovery on the

jurisdictional question from the Formosa defendants.   First, plaintiff has to establish a threshold

prima facie basis for jurisdiction.   This is not, however, the full blown determination of personal

jurisdiction, rather it sets forth whether discovery can proceed as to jurisdiction.   If allowed, the

next issue is the extent of that discovery plaintiff can insist upon.

The Formosa defendants claim that plaintiff has extensive discovery on its long-arm and

"mere department" theories.   From plaintiff's discovery demands, the basis for Formosa

defendants' contacts with New York are its relationship with Harper International, plaintiff's

employer.

8

A.      <u>Prima Facie</u> Showing for Jurisdictional Discovery

Defendants' objections to this discovery rest upon the argument that this Court lacks

jurisdiction over them and that plaintiff fails to show a <u>prima facie</u> basis for personal jurisdiction.

But they argue the merits of plaintiff's theories for personal jurisdiction and not whether his

pleadings at a minimum state a claim for jurisdiction.   The Complaint alleges that Formosa

regularly did and solicited business in New York (Docket No. 105, Pl. Atty. Decl, Ex. A, Compl.

¶ 83; <u>see also</u> <u>id.</u> ¶¶ 84-89), that it transacted business in New York.   The Complaint alleges that

Formosa transacted business and that his claim arose from that transaction (<u>id.</u> ¶¶ 90, 91, 93).

This is a sufficient threshold showing to allow jurisdictional discovery.   Defendants' objections

on the ultimate merits of plaintiff's contentions are better suited for their anticipated renewal of

their motion to dismiss.

Having resolved that plaintiff can engage in jurisdictional discovery against these

defendants, the next issue is the scope of that discovery.

B.      Interrogatories and Document Production

Plaintiff seeks documents and responses to Interrogatories on defendants' relationship

with his employer, Harper International.   Formosa and Formosa USA objected to responding to

those requests, only providing limited answers only as to the contract that lead to plaintiff's work

in Taiwan.   Plaintiff should obtain answers from defendants as to the Harper-Formosa

relationship.   Defendants also objected to answering plaintiff's requests regarding corporate

records that would inform his "mere department" theory of personal jurisdiction.   Those

documents, however, would reveal the corporate relationship between the Formosa defendants

that is relevant to this action.  Therefore, plaintiff's motion to compel answers to these Interrogatories and production of documents response to this matter is **granted**.

      C.      Depose Formosa Representative

      Plaintiff also seeks to depose representatives of Formosa to cover the same issues (the Harper-Formosa relationship and the Formosa-Formosa USA corporate relationship) that are addressed in the Interrogatories and document demands posed by plaintiff.  Since compelling this paper discovery has been granted, there is no need for deposition as well for this "limited" jurisdictional discovery.  For example, defendants responded to plaintiff's Request for Admissions (Docket No. 105, Ex. J), and in one request denying that Formosa's employees came to New York to negotiate the Harper International contract (id., Request No. 4) or inspect the furnace (id., Request No. 8).  As to depositions, plaintiff's motion is **denied**.

**CONCLUSION**

      For the reasons stated above, plaintiff's motion to compel (Docket No. 105) is **granted in part** as indicated above.

      So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       March 15, 2012